JAMES E. RICHARDSON AND LINDA R. RICHARDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 16503-89
United States Tax Court
T.C. Memo 1991-258; 1991 Tax Ct. Memo LEXIS 301; 61 T.C.M. (CCH) 2845; T.C.M. (RIA) 91258; June 6, 1991, Filed *301 Decision will be entered under Rule 155. James E. Richardson, pro se. S. Mark Barnes, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in and additions to petitioners' 1985 Federal joint income tax as follows: Additions to tax under section Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661 $ 12,560
$ 3,005 $ 814 * $ 3,140
Respondent also determined the increased rate of interest under section 6621(c) (formerly section 6621(d)). After concessions by the parties, the issue is whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file a timely return. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioners resided *302 in Phoenix, Arizona, when they filed their petition. James E. Richardson (petitioner) attempted to calculate his 1985 tax liability at some time prior to April 15, 1986. He erroneously concluded that tax withholdings would more than cover his 1985 tax liability, that there would not be any tax due with his 1985 Federal joint income tax return, and that he and his spouse would receive a refund. Petitioners filed an extension form which extended the due date of the return to August 15, 1986. Petitioners filed their 1985 return on February 22, 1988. Petitioner invested in a leasing activity called "Macro Leasing," for which he reported losses for the 1985 tax year. Respondent disallowed these losses, which disallowance is now conceded by petitioners. This resulted in a tax deficiency, which is now also conceded by petitioners. OPINION Section 6651(a)(1) imposes an addition to tax for the failure to file a required return in a timely manner. However, this addition to tax will not apply if the amount of tax withheld and estimated tax paid is equal to or greater than the amount of tax. Sec. 6651(b)(1); . The *303 addition to tax also will not be imposed if the failure to file is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); ; , affd. . The fact that a taxpayer had requested an Internal Revenue Service ruling that will affect his tax liability but has not yet received such ruling is not reasonable cause for failure to file. . Petitioner was pro se. At trial he expressed his preference not to submit briefs. Petitioner's arguments are set forth in the record. Respondent relied on his trial memorandum. Petitioner argues that he is not liable for the section 6651(a)(1) addition to tax because at the time his 1985 return was due, he personally reviewed his 1985 finances and concluded that based on his tax withholdings and his calculation of the tax liability, he would be due a refund. He contends that because of this belief, his liability should be determined as if no balance were due, and thus *304 he is not liable for the section 6651(a)(1) addition to tax. However, the statute requires that there in fact be no balance due on the return in order to avoid the addition to tax. Sec. 6651(b)(1). Nowhere does the statute state that a taxpayer is not subject to the addition to tax because he mistakenly believed that no balance of tax would be due with his return. Petitioner also argues that miscalculation of whether there would be a balance due constituted reasonable cause for his failure to file. We disagree. This Court has held that a taxpayer's decision not to file a timely return based on a mistaken calculation that the taxpayer was due a refund and, thus, would not be subject to the section 6651(a)(1) addition to tax does not constitute reasonable cause for failure to file. . Petitioner further contends that he had reasonable cause not to file because the "Macro Leasing" activity in which he had invested was still pending before respondent's administrative appeals office. Petitioner contends that because he did not know whether he would be able to deduct losses generated by "Macro Leasing," this lack of *305 knowledge prevented him from filing. However, the pendency of an administrative appeal, even one that will affect petitioner's tax liability, is not reasonable cause for failure to file. . Based on the foregoing, petitioners are liable for the addition to tax under section 6651(a)(1). Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩